IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Antonio Aguirre, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| -*vs*- | ) No. 19-cv- |
| | ) |
| Thomas Dart, Sheriff of Cook County and Cook County, Illinois, | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff Antonio Aguirre, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Plaintiff Antonio Aguirre is an inmate at the Cook County Jail assigned booking number 2014-1030187.

3. Defendant Sheriff of Cook County is sued in his official capacity.

4. Under Illinois law, the Cook County Sheriff operates the Cook County Jail.

5. Defendants Sheriff of Cook County and Cook County are responsible for the medical needs of detainees at the Cook County Jail.

6. Defendant Cook County controls the budget for the Cook County Jail, provides dental services for persons in the custody of the Jail, and is a necessary party to this action.

7. At all times relevant, the policy at the Jail has been that a detainee seeking treatment for dental pain must complete a Health Service Request Form (HSRF).

8. The nursing staff at the Jail is responsible for collecting HSRFs.

9. Policy at the Jail requires the nursing staff to either fax or scan a HSRF complaining of a toothache to the divisional dental clinic.

10. The policy of defendant Cook County is to delegate sole responsibility to the dental assistant to review HSRFs and schedule dental appointments.

11. All HSRFs complaining of dental pain, pursuant to policy, are to be processed as "urgent" by the dental assistant and scheduled to see a dentist within three business days.

12. While assigned to Division 10 at the Jail, plaintiff submitted HSRFs seeking treatment for significant dental pain:

    a. On February 4, 2017, plaintiff complained of dental pain and bleeding from a tooth.

    b. On March 30, 2017, plaintiff complained of a high level of dental pain from a broken tooth.

    c. On April 1, 2017, plaintiff complained of a high level of dental pain from a broken tooth.

    d. On April 11, 2017, plaintiff complained of a high level of dental pain.

13. On April 21, 2017, plaintiff was scheduled and transported to Dr. Brenda Taylor, the Division 10 Dentist, where he received some treatment to reduce pain.

14. This is not the first time plaintiff experienced prolonged delay to obtain dental treatment. Prior to this treatment, plaintiff waited more than a year to be scheduled and transferred to Stroger Hospital for treatment of an abscessed tooth.

15. At all times relevant, it has been the sole responsibility of the dental assistant to schedule plaintiff for treatment.

16. For years, it has been common knowledge among administrators at the Jail that medical care for serious dental pain was inadequate because of delays in scheduling prisoners for dental care.

17. On September 10, 2013, Dr. Jorelle Alexander, the Cook County Director of Oral Health, sent an email and wrote under the heading "Scheduling," that "[c]urrent process is inefficient" and that "[r]eturn appointments as well as grievances, HSRF, etc are not being scheduled appropriately."

18. Following this email, Dr. Alexander delegated complete authority to the dental assistants to schedule patients for dental treatment.

19. Dr. Alexander is aware that the policy to delegate scheduling responsibility to the dental assistant continues to leave patients without timely access to dental care.

20. Dental assistants at the Jail are not trained to assess or diagnose dental pain.

21. Defendants know the policy to delegate scheduling responsibility to the dental assistant for inmates complaining of dental pain causes inmates to be delayed treatment for no medical reason.

22. Dr. Alexander knows this policy leaves dentists with no autonomy over the scheduling process for inmates complaining of dental pain.

23. Defendants Dart and Cook County are aware that many inmates suffer unnecessary and gratuitous pain because of the policy to schedule inmates for dental treatment.

24. As a direct and proximate result of defendants' failure to correct this obvious defect in the policy of scheduling patients for dental care, plaintiff experienced gratuitous pain and incurred personal injuries and was therefore deprived of rights secured by the Fourth and Fourteenth Amendment to the Constitution of the United States.

25. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that the Court award appropriate compensatory damages against defendants and that the costs of this action, including attorney's fees, be taxed against Cook County.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
patrickmorrissey1920@gmail.com
(773) 233-7900